UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23645-CIV-ALTONAGA/Reid

**JEREMIAH VINCENT ISAAC**,

      Plaintiff,
v.

**FLORIDA DEPARTMENT OF CORRECTIONS**, *et al.*,

      Defendants.
_____/

## ORDER

On September 1, 2020, Plaintiff, Jeremiah Vincent Isaac, filed a *pro se* Complaint Under the Civil Rights Act, 42 U.S.C. [Section] 1983 [ECF No. 1] against Defendants, the Florida Department of Corrections and Liberty Correctional Institution. Plaintiff is incarcerated at Liberty Correctional Institution, located in Bristol, Florida, and alleges legal violations that occurred there. (*See generally id.*). On September 4, 2020, Magistrate Judge Lisette M. Reid[1] issued a Report & Recommendation for Transfer of Venue [ECF No. 4], recommending the case be transferred to the Northern District of Florida. (*See generally id.*).

When a magistrate judge's disposition has been objected to, district courts must review the disposition *de novo*. *See* Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to require a *de novo* review only where objections have

---

[1] The Clerk referred the case to Judge Reid for a report and recommendation on dispositive matters pursuant to Administrative Order 2019-2. (*See* Clerk's Notice [ECF No. 2]).

been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)). The Supreme Court further stated nothing in the legislative history "demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate." *Id.*

The Report advised Plaintiff he had 14 days to file objections. (*See* Report 4). To date, Plaintiff has not filed objections. The Court therefore reviews the Report for clear error.

The Report concludes Plaintiff should have filed this action in the Northern District of Florida under the applicable venue provisions because Defendants are located in the Northern District and the events giving rise to Plaintiff's claims occurred there. (*See* Report 2). The Court agrees.

> Venue in a civil action brought in a district court of the United States exists in
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Proper venue under subsection (1) is in the Northern District because the Florida Department of Corrections and Liberty Correctional Institution are both located in that District. *See Hartley v. Clark*, No. 06-21434-Civ, 2009 WL 5128240, at *2 (S.D. Fla. Dec. 17, 2009) ("The Department of Corrections is located in Tallahassee[.]" (alteration added)); *Colon v. Sec'y, Fla. Dep't of Corr.*, No. 4:16cv176, 2016 WL 1729529, at *1 (N.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, 2016 WL 1733457 (N.D. Fla. Apr. 28, 2016) ("Liberty

2

Correctional Institution, in Bristol, Florida, [] is located in the Northern District of Florida." (alteration added)).  Venue is also proper in the Northern District under subsection (2) because the alleged events occurred at Liberty Correctional Institution.  (*See generally* Compl.).

Moreover, the Report correctly concludes transfer, rather than dismissal, is appropriate.  (*See* Report 2–4); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

The undersigned has reviewed the Report, record, and applicable law to assure herself that no clear error appears on the face of the record.  Considering that review, the undersigned agrees with Judge Reid's analysis and recommendation.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 4]** is **ACCEPTED AND ADOPTED**.  The Clerk is instructed to transfer this case to the United States District Court for the Northern District of Florida and mark this case as **CLOSED** in this District.

**DONE AND ORDERED** in Miami, Florida, this 25th day of September, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   Plaintiff, Jeremiah Vincent Isaac, *pro se*;
      Magistrate Judge Lisette M. Reid