# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JEREMIAH VINCENT ISAAC,**
**D.O.C. # Y49695,**

    **Plaintiff,**

vs.                                               Case No.  4:20cv465-WS-MAF

**FLORIDA DEPARTMENT OF**
**CORRECTIONS, and LIBERTY**
**CORRECTIONAL INSTITUTION,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated a civil rights case in the Southern District of Florida, which was recently transferred to this Court . ECF No. 6. Plaintiff's complaint, ECF No. 1, filed on a § 1983 complaint form was reviewed, as well as his motion for in forma pauperis status, ECF No. 2. However, because Plaintiff's motion was insufficient as filed, Plaintiff was given the opportunity to file an amended in forma pauperis motion if he desired to proceed with this case. Plaintiff's deadline to comply was **October 29, 2020**. As of this date, nothing further has been received.

In addition, Plaintiff was advised that his civil rights complaint was also insufficient as filed. Plaintiff was advised that unless he could present facts which demonstrate his civil rights were violated, it was suggested that Plaintiff voluntarily dismiss this case. ECF No. 7. Because nothing further has been received from Plaintiff, it appears that he has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1. Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on November 10, 2020.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:20cv465-WS-MAF